IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JIM GRAY                          :

       v.                        :    Civil Action No. DKC 14-2939

                          :

RICHARD SARLES, et al.            :

                          :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is this civil rights action is a motion to dismiss filed by Defendant Richard Sarles. (ECF No. 6). The relevant issues have been briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the following reasons, the motion will be granted.

## I.   Background

Plaintiff Jim Gray, proceeding *pro se*, filed this action on September 17, 2014 against Defendants Richard Sarles, General Manager of Washington Metropolitan Area Transit Authority ("WMATA"), and three unidentified Metro Transit Police Officers. (ECF No. 1). Along with his complaint, Plaintiff filed a motion to proceed *in forma pauperis*, which was granted. Plaintiff seeks redress for what he believes were illegal actions taken on July 30, 2013, when he was driving in Capitol Heights, Maryland, and was pulled over by a WMATA police unit. Plaintiff was

issued citations for unreasonable speed and a seatbelt infraction. The charges were dismissed on April 22, 2014, in the District Court of Maryland for Prince George's County. The crux of Plaintiff's complaint is that the WMATA police officers who pulled him over violated his rights by issuing him citations when he was purportedly on property that was outside of their jurisdictional limits. Plaintiff asserts several claims arising from this incident, including violations of 42 U.S.C. § 1983, 18 U.S.C. §§ 241 and 242, and 42 U.S.C. § 14141.

On November 3, 2014, Defendant Sarles moved to dismiss Plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6). (ECF No. 6). Plaintiff responded on November 18, 2014. (ECF No. 8).

## II.  Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of

a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true. *Albright v. Oliver*, 510 U.S. 266, 268 (1994). Further, all factual allegations must be construed in the light most favorable to the plaintiff. *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (internal citations omitted). While courts generally should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," they may nonetheless dismiss complaints that lack a cognizable legal theory or that fail to allege sufficient facts under a cognizable legal theory. *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Errivares v. Transp. Sec. Admin.*, No. DKC 09-1138, 2010 WL 610774 (D.Md. Feb. 17, 2010). Legal conclusions couched as factual allegations are insufficient, as are conclusory factual allegations devoid of any reference to actual events. *Iqbal*, 556 U.S. at 678.

## III. Analysis

### A.   Defendant Sarles

Defendant Sarles asserts that he (and WMATA) are immune from liability for the governmental activity of running a police department, that he cannot be sued in his official capacity

3

under 42 U.S.C. § 1983, and that there is no private right of action under 18 U.S.C. §§ 221 and 241 and 42 U.S.C. § 14141. The undersigned need only address Defendant Sarles' first argument.

Although Defendant Sarles is named in the caption of the Complaint, Plaintiff does not allege that he was personally involved in the events of July 30.  Presumably Plaintiff has named him in his official capacity, which essentially seeks to hold his agency, WMATA, responsible for the actions of the unnamed transit police officers.  Plaintiff's claims will be dismissed because Defendant Sarles, who has been sued in his official capacity as General Manager of WMATA, is immune from suit for torts of WMATA Transit police officers performing governmental functions.  WMATA was formed by an interstate compact ("the Compact") enacted and consented to by Congress and adopted by the state of Maryland, the District of Columbia, and the Commonwealth of Virginia.  *See Martin v. WMATA,* 667 F.2d 435, 436 (4th Cir. 1981).  The Compact provides that WMATA is an interstate agency and instrumentality of the signatories to the Compact.  *See Delon Hampton & Assocs., Ctd. v. WMATA,* 943 F.2d 355, 359 (4th Cir. 1991).  As such, it enjoys the same rights and privileges as a state, including sovereign immunity.  *Id.* (*citing Beatty v. WMATA,* 860 F.2d 1117, 1126 (D.C. Cir. 1988)).

As noted by Judge Titus in *Hutcherson v. Washington Metro. Area Transit Auth.,* No. CIV. 08-3044-RWT, 2009 WL 2168998, at *2-3 (D.Md. July 16, 2009):

> Under the Compact, WMATA has the authority to establish and maintain a transit police force in connection with its transit operation. [Md. Code Ann., Transp. § 10-204], § 76.
>
> As a governmental agency, WMATA enjoys immunity from certain civil suits. *Id.* § 80. Specifically, "[t]he Authority shall be liable . . . for its torts and those of its Directors, officers, employees and agents committed in the conduct of any proprietary function, in accordance with the law of the applicable signatory (including rules on conflict of laws), but shall not be liable for any torts occurring in the performance of a governmental function." *Id.* (emphasis added). Thus, for this Court to have jurisdiction over Defendant, the actions giving rise to the complaint must properly be characterized as "proprietary" as opposed to "governmental" functions. *Id.; Smith v. Wash. Metro. Area Transit Auth.,* 290 F.3d 201, 206 (4th Cir. 2002).
>
> When addressing the WMATA Compact, the Fourth Circuit looks to the District of Columbia Circuit for interpretive aid, striving to maintain consistency between the only two federal circuits likely to preside over WMATA Compact issues. *See Lizzi v. Alexander,* 255 F.3d 128, 134 (4th Cir. 2001). Federal courts in both circuits interpreting the WMATA Compact have adopted certain tests to aid in their determination of which functions are "governmental" and thus immune from suit. *Smith,* 290 F.3d at 207; *Burkhart v. Wash. Metro. Area Transit Auth.,* 112 F.3d 1207, 1216 (D.C. Cir. 1997).

Activities that are "quintessentially governmental" fall within the scope of § 80's grant of immunity. *Dant v. District of Columbia,* 829 F.2d 69, 74 (D.C. Cir. 1987). Such functions have been defined as those activities exclusively within the purview of the government by way of its legal and authoritative nature. *See Dalehite v. United States,* 346 U.S. 15, 59, 73 S.Ct. 956, 97 L.Ed. 1427 (1953) ("When an official exerts governmental authority in a manner which legally binds one or many, he is acting in a way in which no private person could."); *see also Smith,* 290 F.3d 201 at 207 (holding that the WMATA Compact adopted "the Dalehite conception" in its language) (internal quotations omitted). The oft-cited prototypical governmental function as pertains to WMATA is the act of maintaining a police force. *See Martin v. Wash. Metro. Area Transit Auth.,* 667 F.2d 435 (4th Cir. 1981) ("If the operation of a police force is not a governmental function, then a governmental function may not exist.") (internal quotations omitted).

. . . .

The Fourth Circuit has held that it "is firmly established that . . . the operation of a police force is a governmental function." *Martin,* 667 F.2d at 435; *see also Morris v. Wash. Metro. Area Transit Auth.,* 781 F.2d 218 (D.C. Cir. 1986) (holding that the "principle is well-established that the operation of a police force is a governmental rather than proprietary function"). This operation includes those activities undertaken by transit officers "comparable to those executed by their counterparts in the respective jurisdictions." *Hall v. Wash. Metro. Area Transit Auth.,* 468 A.2d 970, 973 (D.C. 1983) (holding WMATA immune from a false arrest claim filed by a WMATA employee

6

accused of embezzling money from a farecard
machine).

In *Hutcherson*, Judge Titus went on to dismiss the plaintiff's
claims, which arose from a traffic stop during which WMATA
Transit Police stopped plaintiff and issued him a citation for
having illegal window tints, finding that the issuance of this
citation was "a garden variety police function" that constituted
a government function under § 80 of the WMATA compact and
entitled WMATA to immunity.  *Hutcherson,* 2009 WL 2168998, at *4.

Here, Plaintiff's claims arise from what he alleges was an
unlawful traffic stop by WMATA Transit police officers where he
was issued citations purportedly outside of WMATA jurisdiction
for speeding and a seatbelt violation.  As in *Hutcherson,* these
activities by WMTATA police are governmental functions for which
WMATA is immune under § 80 of the Compact.

**B.   Unidentified Metro Transit Police Officers 1, 2, and 3**

Plaintiff also purports to sue three unidentified WMATA
Transit police Officers.   When his complaint was filed,
Plaintiff was provided instructions for having the United States
Marshal effect service of process.  He was sent four service of
process forms and advised to return one for each Defendant.   It
appears that he supplied one completed form for Mr. Sarles, but
none for the other Defendants.   It has now been much longer than
the allotted 120 days within which the complaint should have

been served on those Defendants.     Fed.R.Civ.P.   4(m).

Accordingly, Plaintiff will be directed to show cause within

fourteen (14) days why the case should not be dismissed without

prejudice as to those three Defendants.

## IV.  Conclusion

For the foregoing reasons, Defendant Sarles' motion to

dismiss will be granted and Plaintiff will be directed to show

cause as to why the complaint should not be dismissed as to the

remaining unidentified Defendants.   A separate order follows.


_____/s/_____
DEBORAH K. CHASANOW
United States District Judge