IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JIM GRAY                            :

                                    :

     v.                             :   Civil Action No. DKC 14-2939

                                    :

UNIDENTIFIED METRO TRANSIT
POLICE OFFICERS 1, 2, 3             :

**MEMORANDUM OPINION**

Presently pending and ready for resolution is a motion to dismiss filed by Defendants Ronald A. Pavlik, Jr., Kevin P. Gaddis, Adam Fields, Emily Woodward Deutsch, and A. Thompson (collectively, the "Defendants").  (ECF No. 33).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to dismiss will be granted.

**I.   Background**

**A.   Factual Background[1]**

Defendants are employees in various positions in the Washington Metropolitan Area Transit Authority ("WMATA").  WMATA operates a police unit called the Metro Transit Police Department ("Transit Police").  Defendant Pavlik is the Chief of the Transit Police, and Defendant Gaddis is the Deputy Chief. (ECF No. 25, at 1).  Defendant Thompson is a police officer for

---

[1] Unless otherwise noted, the facts outlined here are set forth in the second amended complaint (ECF No. 25) and construed in the light most favorable to Plaintiff.

the Transit Police.  (*Id.*).  Defendants Deutsch and Fields are an attorney and a paralegal, respectively, in WMATA's Office of General Counsel.  (ECF No. 36, at 5).[2]

Plaintiff alleges that, on two separate occasions, he was unlawfully pulled over by Transit Police officers and issued traffic citations.  (ECF No. 25, at 2).  First, Plaintiff was stopped by three Transit Police officers, including Defendant Thompson, on July 22, 2011 (the "2011 Stop").  (*Id.*).  Second, he was stopped by several unidentified officers on July 30, 2013 (the "2013 Stop").  (*Id.*).  Plaintiff contends that the Transit Police officers who pulled him over were acting outside the geographic and legal scope of their authority.  (*Id.* at 3-4).

**B.   Procedural Background**

On September 17, 2014, Plaintiff filed suit in this court against the General Manager of WMATA, Richard Sarles, and three unnamed officers from the 2013 Stop, alleging violations of 18 U.S.C. § 241, 18 U.S.C. § 242, 42 U.S.C. § 14141, and 42 U.S.C. § 1983.  (ECF No. 1, at 1).[3]  Plaintiff alleged that the 2013 Stop occurred outside Transit Police jurisdiction and that the citations he was issued during the stop were false charges.

---

[2] Although Defendant Fields' job title is not identified in the second amended complaint, it is undisputed.

[3] Plaintiff cites to 18 U.S.C. § 14141, which does not exist.  Construing his *pro se* complaint liberally, his claim is interpreted as being brought under 42 U.S.C. § 14141.

(*Id.* at 3).  Plaintiff appears to have contested the citations, and he attached a trial summary from the District Court of Maryland for Prince George's County showing that the citations were dismissed.  (ECF No. 1-1, at 1).[4]  Although he made no allegations related to the 2011 Stop in his initial complaint, he also attached a similar trial summary issued by the same court for the 2011 Stop.  (*Id.* at 2).  On November 3, Defendant Sarles filed a motion to dismiss the case against him.  (ECF No. 6).  The court found that Defendant Sarles had been sued in his official capacity and that, in that capacity, he was immune from suits for torts committed by Transit Police officers performing governmental functions.  (ECF No. 9, at 4).  Because Plaintiff had failed to name or serve any of the other defendants, the court also ordered Plaintiff to show cause why the case against the three unnamed officers should not also be dismissed.  (*Id.* at 8).

Plaintiff responded, describing issues he was having identifying the unnamed officers (ECF No. 11), and the court granted him sixty days to identify the defendants by name, amend his complaint, and provide addresses for the service of process on these officers.  (ECF No. 12, at 3).  Over the next several

---

[4] A court may, without converting a motion to dismiss into a motion for summary judgment, properly "consider documents attached to the complaint."  *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see* Fed.R.Civ.P. 10(c).

months, Plaintiff filed multiple motions for discovery, which were denied because there were no defendants in the case to serve with discovery requests, and multiple motions for extension of time, which the court granted. (*See* ECF Nos. 13; 14; 16; 18; 20; 21). Plaintiff eventually filed an amended complaint naming Defendants Pavlik, Gaddis, and Fields, but the court ordered that no summons should be issued on the amended complaint. (ECF No. 21, at 2). Because there were no factual allegations pertaining to these three defendants in the body of the complaint, it appeared that Plaintiff was suing these Defendants in their official capacities and that the amended complaint "suffer[ed] from the same defects as his initial complaint against Mr. Sarles." (*Id.*). Plaintiff was granted another extension of time to identify defendants, describe what each allegedly did wrong, and file a second amended complaint. (*Id.*). Plaintiff then moved for injunctive relief, seeking records related to the 2013 Stop from WMATA under the Freedom of Information Act, 5 U.S.C. § 552. (ECF No. 22). The court denied that motion, explaining that WMATA was not a named defendant in this case and that Plaintiff must name WMATA as a defendant and serve it with process if he sought to allege his substantive claims against it or to challenge its response to his records requests. (ECF No. 24, at 3). Plaintiff then instituted a new civil action against WMATA for their alleged

4

violations of public records laws.   (*See* ECF No. 30).   That case has been dismissed for failure to exhaust administrative remedies.   *See Gray v. WMATA*, No. DKC-16-1792, 2017 WL 511910, at *3 (D.Md. Feb. 8, 2017).

On May 9, 2016, Plaintiff filed a second amended complaint, naming Defendants Pavlik, Gaddis, Fields, Deutsch, and Thompson. (ECF No. 25).   For the first time, he alleged that the 2011 Stop was unlawful, and that Defendant Thompson was one of the officers who pulled him over in the 2011 Stop.   (*Id.* at 2).   The second amended complaint failed to identify any of the three officers involved in the 2013 Stop.   (*Id.*).

Counsel for WMATA accepted service on behalf of all Defendants on June 8 (ECF No. 31, at 2), and Defendants filed the instant motion to dismiss on August 3 (ECF No. 33). Plaintiff responded, and Defendants replied.   (ECF Nos. 36; 37).

## II.  Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint.   *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).   A complaint need only satisfy the standard of Fed.R.Civ.P. 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."   "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief."   *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 n.3 (2007).  That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff.  *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  In evaluating the complaint, unsupported legal allegations need not be accepted.  *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).  Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

Generally, *pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Liberal construction means that the court will read the pleadings to state a valid claim to the

6

extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented. *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999). That is, even when *pro se* litigants are involved, the court cannot ignore a clear failure to allege facts that support a viable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D.Md. Dec. 4, 2012) (citation and internal quotation marks omitted) ("[E]ven a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief.").

## III. Analysis

### A.   Claims Against Defendants Pavlik, Gaddis, Fields, and Deustch

Defendants contend that Defendants Pavlik, Gaddis, Deutsch, and Fields are immune from suit because they are named in their official capacities. In the complaint, Plaintiff does not allege any specific acts by any of these four Defendants. Thus, the court must assume that he seeks to hold them liable in their official capacities.[5]

---

[5] In his opposition, Plaintiff argues that he intended to hold these Defendants liable under a theory of supervisory liability. (ECF No. 36, at 2). "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F.Supp. 1053, 1068 (D.Md. 1991) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984)); *see Zachair Ltd.*

As discussed in detail in this court's earlier opinion dismissing the complaint as to Defendant Sarles, WMATA officials are immune from suit for law enforcement actions like those underlying this case. (ECF No. 9, at 4). The interstate compact that formed WMATA extends the immunity of the signatories to WMATA and its officials "for any tort occurring in the performance of a governmental function." *See* Md. Code, Transp. § 10-204, Art XVI, § 80 (2016). "It is firmly established [that] . . . the operation of a police force is a governmental function, and that acts or omissions in connection therewith ordinarily to do not give rise to liability." *Martin v. WMATA*, 667 F.2d 435, 436 (4th Cir. 1981). Even accepting Plaintiff's allegations that the stops and citations in question were unfounded, traffic stops and citations are a means of law

---

*v. Driggs*, 965 F.Supp. 741, 748 n.4 (D.Md. 1997) (stating that the plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), *aff'd*, 141 F.3d 1162 (4th Cir. 1998). Moreover, the second amended complaint completely lacks any specific facts supporting a theory of supervisory liability. Supervisory liability requires that a supervisor had "actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff" and that the supervisor responded with "deliberate indifference to or tacit authorization of the alleged offensive practices," such that "there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (internal quotation marks omitted). The allegations in Plaintiff's opposition relate solely to knowledge of the allegedly unlawful stops *after* the 2013 Stop occurred (*see* ECF No. 36, at 3, 5, 6), which categorically cannot demonstrate a causal link.

enforcement, and, therefore, these actions are "correctly characterized as police action." *Id.* These Defendants are thus immune from suit in their official capacities, and the motion to dismiss the claims against them will be granted.

### B.  Plaintiff's Causes of Action

Plaintiff alleges violations of several statutes for which no private cause of action exists.  First, he claims violations of 18 U.S.C. §§ 241 and 242.  (ECF No. 25, at 2).  These are criminal statutes, however, and it is "beyond the court's purview in this civil matter to provide relief under criminal statutes." *Grant v. Prince George's Cty.*, No. DKC-15-2433, 2016 WL 3541239, at *5 (D.Md. June 29, 2016); *see also Agnew v. City of Compton*, 239 F.2d 226, 230 (9th Cir. 1956); *Watson v. Devlin*, 167 F.Supp. 638, 640 (E.D.Mich. 1958).[6]  Second, Plaintiff cites to 42 U.S.C. § 14141, which prohibits law enforcement from "engaging in a pattern or practice . . . that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States." 42 U.S.C. § 14141(a).  Authority to file suit under this statute is expressly granted to the Attorney General of the United States,

---

[6] In his opposition to Defendants' motion, Plaintiff also references other violations of criminal law, including perjury and obstruction of justice.  (ECF No. 36, at 10).  To the degree that the facts in the second amended complaint properly allege these violations, they, too, are beyond the court's purview here.

*see* § 14141(b), and it does not provide a private right of action. *Johnson v. U.S. Dep't of Justice*, No. PJM-14-4008, 2016 WL 4593467, at *7 (D.Md. Sept. 2, 2016); *Metcalf v. Call*, No. 2:14-cv-00010-MR-DLH, 2014 WL 12497025, at *3 (W.D.N.C. Mar. 31, 2014), *aff'd*, 584 F.App'x 56 (4th Cir. 2014) (per curiam) (unpublished opinion).

Plaintiff's complaint also appears to allege violations of 42 U.S.C. § 1983 by way of malicious prosecution, false arrest, and fabrication of evidence. (ECF No. 25, at 2). Plaintiff seems to be arguing that the citations issued to him at the traffic stops constituted fabricated evidence against him. A § 1983 claim based on fabrication of evidence is insufficient unless a plaintiff pleads "adequate facts to establish that [a] loss of liberty – i.e., his conviction and subsequent incarceration – resulted from the fabrication." *Massey v. Ojanit*, 759 F.3d 343, 354 (4th Cir. 2014). Although he argues that the citations "exposed [him] to further charges and incarceration" (ECF No. 25, at 4), he states that all charges against him were dropped in a decision by Judge Powell of the District Court of Maryland (*id.* at 3). Because Plaintiff does not allege that a loss of liberty resulted from these citations, his fabrication of evidence claim will be dismissed.

Under § 1983, Plaintiff's allegations of false arrest and malicious prosecution amount to claims that he was seized

without probable cause in violation of the Fourth Amendment. *See Rogers v. Pendleton*, 249 F.3d 279, 294 (4th Cir. 2001) ("[F]alse arrest and false imprisonment claims . . . are essentially claims alleging a seizure of the person in violation of the Fourth Amendment."); *Lambert v. Williams*, 223 F.3d 257, 261-62 (4th Cir. 2000) ("[T]here is no such thing as a '§ 1983 malicious prosecution' claim. What we termed a 'malicious prosecution claim . . . is simply a claim founded on a Fourth Amendment seizure that incorporates elements of the analogous common law tort of malicious prosecution."); *Gregg v. Richmond*, No. DKC-2001-1212, 2004 WL 257080, at *2 (D.Md. Feb. 11, 2004) ("The court will treat § 1983 as the basis for Plaintiff's Fourth Amendment violation claim, arising out of his alleged false arrest, false imprisonment and malicious prosecution."). Construing the second amended complaint liberally, Plaintiff may have pleaded cognizable injuries under § 1983 based on malicious prosecution and false arrest by Defendant Thompson.

## C. Section 1983 Claims Against Defendant Thompson

Defendants contend that any claims against Defendant Thompson are time-barred. (ECF No. 33, at 8-9). The statute of limitations is an affirmative defense that a party typically must raise in a pleading under Rule 8(c) and is not usually an appropriate ground for dismissal. *See Eniola v. Leasecomm Corp.*, 214 F.Supp.2d 520, 525 (D.Md. 2002); *Gray v. Metts*, 203

F.Supp.2d 426, 428 (D.Md. 2002).  Dismissal is proper, however, "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense."  *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181 (4th Cir. 1996); *see* 5B Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1357, at 714 (3d ed. 2004) ("A complaint showing that the governing statute of limitations has run on the Plaintiff's claim for relief is the most common situation in which the affirmative defense appears on the face of the pleading and provides a basis for a motion to dismiss under Rule 12(b)(6).").

When enacting 42 U.S.C. § 1983, Congress determined that gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law.  *See Burnett v. Grattan*, 468 U.S. 42, 47-48 (1984).  Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law.  *See id.* at 49; *Chardon v. Fumero Soto*, 462 U.S. 650, 655-56 (1983); *Johnson v. Ry. Express Agency, Inc.*, 421 U.S. 454, 464 (1975).  Maryland's general three-year statute of limitations for civil actions is most applicable to Plaintiff's remaining claims.  *See* Md. Code, Cts. & Jud. Proc. § 5-101.

Federal law, however, governs the question of when a cause of action accrues under § 1983.  *See Wallace v. Kato*, 549 U.S. 384, 387 (2007).  Under the general rubric, the running of the

12

statute of limitations begins when a plaintiff knows or has reason to know of his injury. *Id.* A claim of unlawful seizure accrues on the date of the alleged incident. *See Gray v. State of Maryland*, 228 F.Supp.2d 628, 635 (D.Md. 2002). A claim for false arrest accrues on the date of initial appearance before a neutral magistrate. *See Wallace*, 549 U.S. at 387. For claims based on malicious prosecution, the limitations period starts to run when the prosecution is terminated. *See Fields v. Montgomery Cty.*, No. DKC-13-3477, 2014 WL 4231164, at *3 (D.Md. Aug. 26, 2014) (citing *Brooks*, 85 F.3d at 181-83).

Here, the alleged incident involving Defendant Thompson occurred on July 22, 2011. (ECF No. 25, at 1). The latest possible date that his claims could have accrued is the date of the termination of his prosecution, which was October 27, 2011. (ECF No. 1-1, at 2). Plaintiff thus had until, at the latest, October 27, 2014, to file a claim based on the 2011 Stop. Plaintiff filed his initial complaint in this court on September 17, 2014 (ECF No. 1). As discussed above, however, although Plaintiff attached a record from the hearing for the 2011 Stop to the initial complaint, he did not allege any claim related to that stop or name Defendant Thompson as a defendant until he filed the second amended complaint on May 9, 2016. (ECF No. 25). An amended pleading may relate back to the date of the original pleading if "the amendment asserts a claim or defense

13

that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out - in the original pleading." Fed.R.Civ.P. 15(c)(1)(B).  Because the 2011 Stop was an entirely distinct occurrence from the 2013 Stop and Plaintiff made no factual allegations related to it in his original complaint, relation back is not appropriate here.[7]

Plaintiff argues in his opposition that tolling of the statute of limitations should be applied here because "[m]ost statutes of limitations will run only while the alleged criminal remains visible and in the state where the crime occurred." (ECF No. 36, at 9).  As noted above, rules governing criminal proceedings do not apply in this civil case.  In civil cases, "[e]quitable tolling applies where a defendant, by active deception, conceals a cause of action." *Lekas v. United Airlines, Inc.*, 282 F.3d 296, 301 (4th Cir. 2002).  Plaintiff has not alleged any facts indicating that Defendant Thompson concealed the cause of action from him.  His claim is therefore

---

[7] Even if attaching the court record to his original complaint were construed as alleging a claim based on the 2011 Stop, Rule 15(c)(1)(C) bars relation back for amendments to the named parties against whom a claim is asserted unless that party "knew or should have known that the action would be brought against it, but for a mistake concerning the proper party's identity."  Fed.R.Civ.P. 15(c)(1)(C)(ii).  Nothing in the original or first amended complaint indicated that Plaintiff intended to bring suit against anyone involved in the 2011 Stop, and Plaintiff has not made any allegations that suggest Defendant Thompson knew or should have known that an action would be brought against him.

barred as to the 2011 Stop under the statute of limitations. Because Plaintiff's asserted claims against Defendant Thompson come exclusively from the 2011 Stop, all claims against him will be dismissed.

### D.   Unidentified Transit Police Officers 1, 2, and 3

Finally, the three unidentified Transit Police officers named in the original complaint will be dismissed from the case. "On motion or on its own, the court may at any time, on just terms, add or drop a party."  Fed.R.Civ.P. 21.  Moreover, "[a] pleading that has been amended under Rule 15(a) supersedes the pleading it modifies . . . .  Once an amended pleading is interposed, the original pleading no longer performs any function in the case."  Wright & Miller, *supra*, § 1476; *see also Wall v. Fruehauf Trailer Servs., Inc.*, 123 F.App'x 572, 576 n.4 (4th Cir. 2005) ("When the Second Amended Complaint was filed, it had the effect of superseding the earlier complaint . . . which no longer performs any function in the case."); *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.").  Although each of Plaintiff's complaints alleged facts related to the three officers, he removed them as named defendants in both his first and second amended complaints.  (ECF Nos. 17; 25).  It is thus no longer clear that Plaintiff seeks to hold these officers individually

15

responsible for the stop.   Throughout this case, Plaintiff has sought both money damages and an injunction preventing all WMATA officers from issuing citations outside of their jurisdiction, a demand that indicates an interest in suing WMATA or its policymakers, rather than the specific officers who pulled him over.  (*See* ECF Nos. 1; 17; 25).   Despite the court's dismissal of Defendant Sarles and direction to identify the unnamed officers, Plaintiff has instead continued to add Defendants who work in executive and administrative positions at WMATA.   The court has repeatedly explained the deficiencies related to the unnamed officers, ordered Plaintiff to identify and serve these defendants, and granted him extensions of time in which to do so.   (See ECF Nos. 9; 12; 16; 21; 24).   Even in light of Plaintiff's *pro se* status, his failure to identify these officers and his omission of them from his amended complaints make dismissing them appropriate here.

## IV.  Conclusion

For the foregoing reasons, the motion to dismiss filed by Defendants Ronald A. Pavlik, Jr., Kevin P. Gaddis, Adam Fields, Emily Woodward Deutsch, and A. Thompson will be granted.   A separate order will follow.

_____/s/_____

DEBORAH K. CHASANOW
United States District Judge
